**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **HIRE IMAGE LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 07-293S** |
| | ) | |
| **UNIFIED TECHNOLOGIES PVT. LTD.** | ) | |
| **d/b/a TechUnified,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**Plaintiff's Memorandum in Support of its Motion to Strike**

Plaintiff, Hire Image LLC, respectfully submits this memorandum in support of its Motion to Strike the "Reply on the behalf of the Defendant" ("Reply") received by Plaintiff's counsel on November 30, 2007.

**Facts**

1. On August 6, 2007, Plaintiff filed a complaint against the Defendant.

2. On August 7, 2007, pursuant to Federal Rule of Civil Procedure 4(f), a summons and true copy of the complaint was served upon Chandra Prakash, attorney for the Defendant in this action, via international registered mail, postage prepaid, return receipt requested, to the following address:

   Chandra Prakash at Lex Global Legal Consultants,
   Chamber No. 20 A, Lawyers Chambers, Supreme Court of India,
   New Delhi – 110001, India

3. As evidenced by an official Return Receipt for International Mail, Defendant was properly served with the Summons and Complaint on August 21, 2007.

4. On October 12, 2007, the Defendant, having failed to file an answer or make any response to the complaint, in an attempt to defend this matter, was found to be in default by the clerk of this Honorable Court, pursuant to the Federal Rules of Civil Procedure, Rule 55(a).

5. On November 13, 2007, Plaintiff filed a Motion for Default Judgment, set to be heard on January 25, 2008, the Honorable Judge William E. Smith presiding.

6. On November 30, 2007, more then three months after receiving service of Plaintiff's complaint, Plaintiff's counsel received the Defendant's "Reply."

## Argument

### I. Defendant's "Reply" should be Stricken as Untimely

Pursuant to the Federal Rules of Civil Procedure, Rule 12(a)(1)(A), "a defendant shall serve an answer within 20 days after being served with the summons and complaint." Chandra Prakash, attorney for the Defendant, received service of the summons and complaint in this matter on August 21, 2007, as evidenced by an official Return Receipt. Plaintiff's counsel received the "Reply" on November 30, 2007; 81 days after the 20 day time period, in which to answer had expired.

Additionally, pursuant to the Federal Rules of Civil Procedure, Rule 6(b), an enlargement of time after the expiration of the specified period is only allowed upon a motion made requesting such enlargement, which provides that the failure to act was a result of excusable neglect. Another Federal District Court has held that the Clerk should not even accept filings that were out of time without a motion for leave to file. See Casanova v. Marathon Corporation, 499 F.Supp.2d 32, 34 (D.DC 2007).

Moreover, on October 12, 2007, default was entered by the clerk of this Honorable Court, pursuant to the Federal Rules of Civil Procedure, Rule 55(a). The Defendant has

not shown good cause for its failure to plead or otherwise defend as permitted by the Federal Rules of Civil Procedure, rule 55(c).

## II. **Defendant's "Reply" should be Stricken as Violative of U.S. District Court Local Rules**

The U.S. District Court Local Rules exist as a manner of preserving the authority and control over the District bar which would allow for the orderly administration of justice. See Zambrano v. City of Tustin, 885 F.2d 1473, 1479 (9th Cir. 1989). The Defendant's non-compliance with these rules show a fundamental lack of understanding about the bar, such that Defendant's counsel's "Reply" threatens that orderly administration of justice.

### a. **Because Defendant's Counsel is not a Member of the Bar of this Court, Defendant's "Reply" should be Stricken As Unauthorized Practice Before this Court.**

Pursuant to the U.S. District Court Local Rules, D.R.I., LR Gen 201, "[i]n order to appear in and/or practice before this Court, a person must be a member of the Bar of this Court." Chandra Prakash, Defendant's counsel, is not a member of the bar of this Court, nor is Defendant's counsel a member of the Rhode Island bar. Furthermore, upon information and belief, the "Reply" was signed and filed by counsel who does not qualify for any of the exceptions, set forth in U.S.Dist.Ct.Rules D.R.I., LR Gen 201(b), to the requirement of membership. The signature of a pleading by an attorney who is not a member of the bar of the court may support a motion to strike the pleading. See Becks v. Turner, 68 F.R.D. 466, 467 (E.D.N.Y. 1975).

According to U.S.Dist.Ct.Rules D.R.I., LR Gen 201(b), (i) attorneys for the United States, (ii) *pro hac vice* counsel, (iii) attorneys in removal cases, and (iv) parties appearing *pro se*, may appear and/or practice before this court. Defendant's counsel is

not an attorney for the United States, this matter was not subject to removal, and Defendant is ineligible for pro se status pursuant to U.S.Dist.Ct.Rules D.R.I., LR Gen 205(a)(3), as "a corporation, partnership, association or other entity may not appear *pro se*." Moreover, upon information and belief, the "Reply" was filed by counsel who is not otherwise qualified to be admitted *pro hac vice*, as is required by U.S.Dist.Ct.Rules D.R.I., LR Gen 201(b)(2), in accordance with the provisions of U.S.Dist.Ct.Rules D.R.I., LR Gen 204.

First and foremost, the "Reply" was filed by counsel, who has not applied for *pro hac vice* admission, as is required by U.S.Dist.Ct.Rules D.R.I., LR Gen 204(d). However, it is unlikely that said application, if filed, would be granted. In order to be eligible for *pro hac vice* admission, according to LR Gen 204, an applicant must be, among other things, "a member in good standing of the bar of another state and another federal district court and the bar in every jurisdiction in which the attorney has been admitted to practice." U.S.Dist.Ct.Rules D.R.I., LR Gen 204(b)(1). Upon information and belief, the "Reply" was filed by counsel who is not a member in good standing of the bar of any state, as is required by U.S.Dist.Ct.Rules D.R.I., LR 204(b)(1). Additionally, the "Reply" was filed by counsel, not affiliated with any local counsel, as is also required by U.S.Dist.Ct.Rules D.R.I., LR Gen 204(e).

Based on the foregoing, it is clear that the Defendant's pleading is not properly before this Court, and must be stricken to maintain order within the bar, and to avoid prejudice to the Plaintiff.

**b. Because Defendant's Counsel is not a Member of the Bar of this Court, Defendant's "Reply" should be Stricken Pursuant to Federal Rule of Civil Procedure, Rule 11**

Because "a person who is not a member of the Bar of this Court may not sign any pleading or motion filed on behalf of a party," Defendant's "Reply" should be considered unsigned. According to the Federal Rules of Civil Procedure, Rule 11, "[a]n unsigned paper shall be stricken unless omission of the signature is corrected promptly." Here, the omission of the signature of a member of the Bar of this Court cannot be corrected by Defendant's counsel, as Defendant's counsel is not a member of the Bar of this Court, and therefore, Defendant's "Reply" must be stricken.

**III. Defendant's "Reply" should be Stricken as being Improperly Filed Pursuant to the Administrative Procedures for Electronic Case Filing**

According to the Administrative Procedures for Electronic Case Filing, which took effect August 1, 2006, "all documents submitted for filing in civil and criminal cases … shall be Electronically Filed in PDF format using ECF. Defendant's "Reply" was not electronically filed, and therefore should be stricken.

**WHEREFORE**, the Plaintiff, Hire Image, prays as follows:

1. That the Plaintiff's Motion to Strike be granted, and that the Defendant's "Reply" be stricken in its entirety;

2. That the Plaintiff be awarded the costs of this motion, including reasonable attorney's fees.

3. In the alternative, that the Plaintiff be allowed additional time, with which to file a response to the Defendant's "Reply" should this Court deem the "Reply" to be a proper and timely filed Answer.

Plaintiff
By its Attorneys
Kaplan & Associates Inc.

/s/ Tracy J. Steinbach
Tracy J. Steinbach, Esq.
Rhode Island State Bar No. 7492
1100 Turks Head Building
Providence, RI 029093
(401) 272-9000
(401) 272-9020 (fax)
Email: tracy@kaplanassociatesinc.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion to Strike was filed with the Clerk of the Court using the CM/ECF system, and that a true copy was served via international mail, postage prepaid, upon Chandra Prakash, attorney for the Defendant in this action, at the following postal address:

Chandra Prakash at Lex Global Legal Consultants, Chamber No. 20A, Lawyers Chambers, Supreme Court of India, New Delhi— 110001, India

this 20th day of December, 2007.

/s/ Tracy J. Steinbach
Tracy J. Steinbach
Rhode Island State Bar No. 7492
1100 Turks Head Building
Providence, RI 029093
(401) 272-9000
(401) 272-9020 (fax)
Email: tracy@kalanassociatesinc