**LEX GLOBAL LEGAL CONSULTANTS**
ATTORNEYS AT LAW
CHAMBER NO. 20 A, LAWYERS CHAMBERS, SUPREME COURT OF INDIA, NEW DELHI-110001
OFFICE : D-6,SECTOR 48, NOIDA, 201301 U.P.
TELEPHONE: +91 (11) , 23381727, 23385275, 23386914 FAX: +91 (11) 23385235
EMAIL: LGLASSOCIATES@GMAIL.COM

To,
KAPLAN AND ASSOCIATES INC
Attorneys At Law
1100TURKS HEAD BUILDING,
PROVIDENCE, RI02903

**We have been instructed by our client M/s UNIFIED TECHNOLOGIES PVT. Ltd, Arden Fair, Pai Layout, 5th. Floor, Old Madras Road, Bangalore-560016 INDIA, to reply to your legal Notice dated May 22nd.2007, as under:**

[1] At the very out set, all the allegations made in your notice under reply are denied as they are not based on true facts and are merely based on false premises. Before entering into the contract, your client had made reasonable enquiries to satisfy itself about the capacity, competence and efficiency of the my client to undertake/ execute the task entrusted.

[2] That your client after being fully satisfied with the high standard, quality of service, efficient performance and timely execution of different projects by our clients M/S Unified Technologies for which it has earned a good reputation across the borders, your client entered into a contract with my client. Therefore, there was no question that my client could deceive, defraud and manipulate your client in every respect of business relationship or had breached its obligation under the contract. Your allegations are not only unsubstantiated but uncalled for. It seems that your client after having taken the expertise of my client and having obtained benefits, now wants to avoid its obligation at the instance and instigation of a third party and wants to wriggle out of the obligations imposed on your client under the contract in question.

[3] That our client M/S Unified Technologies are among one of the leading software companies in India having more than 100 highly skilled resource perersons having experties in technologies and are



*Contd... 2*

in operation in more than 8 countries namely Saudi Arabia, Doha, Bahrain, UAE, Africa, Malaysia, Singapore and Bangkok. For timely execution of the projects awarded our client works in various modules in which a part of work is outsourced to experts unless specifically barred or prohibited under the contract.

[4] It was in these circumstances that in order to complete the project in time our client had outsourced a small portion of the work under the contract to a sub-contractor namely M/S Amogha Infotech Pvt. Ltd. since the same was not prohibited under the contract. Since the sub- contractor was not performing the job entrusted to him diligently and to the complete satisfaction of my client he was removed by our clients. However it appears that the said sub- contractor has made some frivolous complaints to your client and your client without choosing to verify the same from our client, has chosen to enter into dialogue/ correspondence with the said sub- contractor. The reason is obvious. It appears that the said sub- contractor has offered to do the whole work entrusted to our client on a lower remuneration and that is why your client some how wants to find faults with the functioning of my client in order to wriggle out of the contractual obligations.

[5] That it is also relevant to state that your client after being fully satisfied with the efficient performance and competence of our client in executing the project and delivering the same, as per schedule, had been making payment from time to time to our client. Had our client defrauded, deceived or manipulated your client, your clients would not have made the payment or would not have continued with the execution of further works entrusted under the contract to our client. The contract is still in force and no communication terminating the contract has been received by my client as of now. Since the project involved in the aforesaid contract in dispute also involved dependence on third parties involving your client, some of the deliverables got delayed because of non receipt of timely information required from them, this was duly communicated in time to your client through e-mails. From time to time Unified Technologies have provided all the information to Mr Steve Raymond whose requirements always kept changing with each subsequent discussion related to project capturing requirement phase. It is also relevant to state that your client also had no clear requirements in



Contd...3

place to give to our client's team. Details of mails exchanged with your client and scenario shall be made available as and when required.

[6] That in view of the very nature of job which is required to be performed under the contract, the contract does not provide for the damages or compensation and rather it has been clearly provided in the contract at p-19 which is reproduced herein for your ready reference:

"Neither party shall be liable for any failure to perform his obligation under the contract if the failure results from the events which are beyond the reasonable control of either party provided always that whenever possible, the affected party will resume that obligation as soon as the factor or event occasioning the failure ceases or abates."

[7] Therefore, the delay which has occurred due to reasons/events which are beyond the reasonable control of our client, the time has to be extended for the completion of the contract particularly in view of the fact that major potion of the project has already been completed and submitted to your client.

[8] That there has been some extension in terms of Development Phase Delivery for valid reasons and which has already been agreed to by your client. But it appears that your clients are comparing the work done by our client on the basis of a biased review / feed back provided by a third party namely EBlity solutions who obviously on account of vested interest is exaggerating and pointing out imagined deficiencies in the project, this is not only unethical and highly unprofessional .

[9] That our client never had any intention to make the software open source or available to all. It appears that such misconceptions have arisen on the basis of some communication of your client with our sub-contractor overlooking our clients with whom your client does not have any contract. Hence there is no breach on behalf of our client of the non-disclosure of confidential information clause, located in paragraph 1 of the Non-Disclosure Agreement.

[10] Further even in future, breach if any, of the said non- disclosure clause is done by our client's sub-contractor, then strict legal action will



*Contd...4*

be initiated as and when required in order to protect rights and common interest of our client as well as their customers.

[11] Incidentally it is also relevant to state that courts in America have no jurisdiction to entertain the grievance made with regard to the non-fulfilment of contractual obligation. Since the contract was signed by our clients at Bangalore in India and that the contract concluded within the jurisdiction of Indian courts, the said work is being performed and discharged within the exclusive jurisdiction of Indian Courts and moreover payments therefore has also been received at Bangalore in India, thus a Court of competent jurisdiction at Bangalore in India alone will have the jurisdiction to entertain any dispute between the parties to the contract.

In the circumstances explained herein above, if your client is still ill-advised to start a litigation in U.S court, our clients will defend the same entirely at your risk and cost. We have also received instructions from our clients to initiate appropriate legal proceeding against your client for the recovery of outstanding dues for the work already completed as also for recovery of damages/ compensation for the losses caused and for the harassment/ mental agony meted out to our client for maligning its reputations.

Dated : 21-06-2007

**[LEX GLOBAL LEGALCONSULTANTS]**

Chandra Prakash

**CHANDRAPRAKASH**
PARTNER