**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **HIRE IMAGE LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 07-293S** |
| | ) | |
| **UNIFIED TECHNOLOGIES PVT. LTD.** | ) | |
| **d/b/a TechUnified,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>Plaintiff's Memorandum in Support of its Motion for the Award of Costs</u>**

Plaintiff, Hire Image LLC, respectfully submits this memorandum in support of its Motion for the Award of Costs.

**<u>Facts</u>**

1. On August 6, 2007, Plaintiff filed a complaint against the Defendant.

2. On August 7, 2007, pursuant to Federal Rule of Civil Procedure 4(f), a summons and true copy of the complaint was served upon Chandra Prakash, attorney for the Defendant in this action, via international registered mail, postage prepaid, return receipt requested, to the following address:

   Chandra Prakash at Lex Global Legal Consultants,
   Chamber No. 20 A, Lawyers Chambers, Supreme Court of India,
   New Delhi – 110001, India

3. As evidenced by an official Return Receipt for International Mail, Defendant was properly served with the Summons and Complaint on August 21, 2007.

4. On October 12, 2007, the Defendant, having failed to file an answer or make any response to the complaint, in an attempt to defend this matter, was found to be in default by the clerk of this Honorable Court, pursuant to the Federal Rules of Civil Procedure, Rule 55(a).

5. On November 13, 2007, Plaintiff filed a Motion for Default Judgment, set to be heard on January 25, 2008, the Honorable Judge William E. Smith presiding.

6. After Hearing, in an Order dated February 19, 2008, the Court granted Plaintiff's motion for Default Judgment.

7. On February 21, 2008, Judgment was entered against the Defendant.

**Argument**

**Costs Should Be Awarded to Plaintiff, the Prevailing Party**

Pursuant to the Federal Rules of Civil Procedure, Rule 54(d)(1), "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Thus, as Judgment was entered against the Defendant, Plaintiff is the prevailing party and thus should be awarded costs. No statute, federal rule, or court other provides otherwise.

When Federal Courts have had reason to examine this rule, it has been held that although "at early common law costs were unknown, ... as early as 6 Edward I (1278) a statute was passed whereby costs could be awarded to the prevailing party. However that may be, it has always been the practice in the Federal Courts to allow costs to the prevailing party." Brown v. Consolidated Fisheries Co., 18 F.R.D. 433, 434 (D.Del. 1955). Additionally, the court in Brown, further noted that the determination of what costs should be allowed is "a ministerial duty usually accomplished by the Clerk of the Court after the outcome of the litigation has been determined and is only judicially considered on appeal or review of the Clerk's action." Id.

In this case, nothing should obstruct the clerk from efficiently entering costs in favor of Plaintiff. Costs are normal and reasonable expenses, which is supported by an Affidavit, as required in 28 USC §1924 and LR CV 54. Plaintiff has otherwise satisfied all statutory and rule requirements.

**WHEREFORE**, the Plaintiff, Hire Image, prays as follows:

1. That the Plaintiff's Motion for the Award of Costs be granted, and that all items included in the Bill of Costs be allowed and taxed to the Defendant forthwith.

Plaintiff
By its Attorneys
Kaplan & Associates Inc.

/s/ Tracy J. Hermann
Tracy J. Hermann, Esq.
Rhode Island State Bar No. 7492
1100 Turks Head Building
Providence, RI 029093
(401) 272-9000
(401) 272-9020 (fax)
Email: tracy@kaplanassociatesinc.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Memorandum in Support of Plaintiff's Motion for the Award of Costs was filed with the Clerk of the Court using the CM/ECF system, and that a true copy was served via international mail, postage prepaid, upon Chandra Prakash, attorney for the Defendant in this action, at the following postal address:

Chandra Prakash at Lex Global Legal Consultants, Chamber No. 20A, Lawyers Chambers, Supreme Court of India, New Delhi—110001, India

this 29th day of February, 2007.

/s/ Tracy J. Hermann
Tracy J. Hermann, Esq.
Rhode Island State Bar No. 7492
1100 Turks Head Building
Providence, RI 029093
(401) 272-9000
(401) 272-9020 (fax)
Email: tracy@kaplanassociatesinc.com